[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a subrogation action brought by Allstate Insurance Co. to recover sums paid by it to its insured, the estate of Anthony Procaccini for property damage to his automobile sustained in an accident occurring on December 17, 1996 on Route1-91 in Windsor, when his automobile was struck in the rear by a motor vehicle owned by defendant Connecticut Car Rental, Inc. and operated by defendant Bryan D. Dickey. Theresa Boisvert, Conservatrix of the estate of Anthony Procaccini is named as a co-plaintiff.
Trial to this court took place on April 28 and May 19, 1999.
This case had been previously consolidated with several other cases, Louis Navkwich v. Dickey (CV 97-05743653) and Procacciniv. Dickey (CV 97 0573570), but these latter two cases were reported, at trial, to be settled and withdrawn. The court file indicates that on February 4, 1999, when these latter two cases were settled during jury selection, this case was also withdrawn, apparently through an inadvertence, and that the withdrawal of this case was set aside by Judge Berger on March 29, 1999.
 I.
At the onset of this trial defendant filed a special defense based on a general release (Exhibit B) of both defendants executed by Theresa Boisvert, Conservatrix of the estate of Anthony Procaccini, on March 15, 1999.
The release, although general in form, specifically refers to "any and all claims for personal injuries sustained by Anthony Procaccini" as a result of a motor vehicle accident which occurred on December 17, 1996 in Windsor, Connecticut, which is the subject of a civil action entitled "CV 97-0573570S Anthony T.Procaccini V. Bryan D. Dickey. et al.". No reference appears in the release to either property damage or to this action.
Defendant cannot prevail on its special defense both because the Conservatrix, acting alone, did not have the power to release the defendants in this case, and the release in question was not an effective release of the property damage claim in this case. CT Page 6622
 -A-
Although the release was prepared by the attorney representing Anthony T. Procaccini in the personal injury case, it contains an ambiguity because it specifically refers to the personal injury case but makes no mention of this case which was pending and consolidated. Where there is an ambiguity in a release or contract, extrinsic evidence may be considered to resolve it. Hare v. McClellan, 234 Conn. 581, 596 (1995); Simesv. Honda Motor Co., 225 Conn. 401 (1983).
Both Attorney Kenneth Levine, who prepared the release and supervised its execution, and Theresa Boisvert who signed the release testified that their intention was to release the personal injury claim but not the property damage which is the subject of this case. No invoice, statement or other document was offered by defendants to substantiate its claim that the release was intended to release this case. Moreover, when the withdrawal of this case was set aside on March 29, 1999, such restorative action was not opposed by defendants although their release had been executed two weeks earlier.
 -B-
Allstate claims that its subrogation claim, then pending in court, could not be released by Theresa Boisvert, conservatrix, because under its policy of insurance, the right to subrogation had vested in Allstate as soon as it paid the property damage suffered by the insured and such right could not be defeated by any action of the insured or his representative. The defendants argue that the Procaccni estate was the real party in interest although Allstate instituted this action, and that any defense available against the estate was available against Allstate.
There are superior court cases in Connecticut supporting each view. The lengthy annotation in 92 A.L.R.2d 102 indicates that a significant majority of states support the plaintiffs view. InMiddlesex Mutual Assurance Co. v. Harrison, Judicial District of Stamford No. CV 900112942S (July 28, 1992, Nigro, J.) Judge Nigro held that the right of a subrogee to seek recovery for property damages paid to an insured, could not be defeated by a general release executed by the insured alone. This view is persuasive on this court.
 II
CT Page 6623
At trial, there was uncontradicted testimony that the Procaccino motor vehicle was proceeding south in the right hand lane of 1-91, at a slow rate of speed estimated to be between 20 and 30 m.p. h. when it was struck from the rear by defendant's motor vehicle resulting in the property damage in this case. Just prior to the accident, defendant had been proceeding south in the middle lane and moved into the right hand lane to pass a motor vehicle directly in front of him at a speed between 65 and 70 m.p. h.
In its complaint, plaintiff claims that defendant Dickey was negligent in several specifications, including speeding, failure to keep a proper lookout and failure to keep his motor vehicle under proper control. Defendants, in their special defense allege that Procaccino was contributarily negligent because he was driving too slowly in violation of General Statutes § 14-220.
 III
The accident was caused by the negligence of Bryan Dickey in failing to keep a proper lookout, and in failing to keep his motor vehicle under proper control when he observed the Procacciio vehicle proceeding at a slow rate of speed, thereby causing the collision with the rear of the Procaccino vehicle.
Anthony Procaccino was contributarily negligent in causing this accident in that he operated his motor vehicle at a speed lower than 40 m.p. h. which is required on a limited access divided highway by General Statutes § 14-220. His percentage of comparative negligence was 30%.
Defendants are found liable for the stipulated property damage of $14,505.82, reduced by 30% or $4351.75 leaving a net liability of $10,154.07.
Jerry Wagner, Judge Trial Referee